**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Steven Wayne VANCE,
Defendant–Appellant.**

**No. 15237.**

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 22, 1988.

Melinda K. Pendergraph, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson, for plaintiff-respondent.

MAUS, Judge.

The defendant was charged as a persistent offender with the class D felony of driving while intoxicated. § 577.023.3. A jury found the defendant guilty. The court determined he was a persistent offender, § 577.023.4, and sentenced him to imprisonment for three years. The defendant states one point on appeal.

The following is a brief summary of the evidence. On August 29, 1986, a little after 11:30 p.m. Dawn Newlan was driving from the lot of the Jackson Tire Company in Neosho. She was accompanied by two friends. They saw a Monte Carlo Chevrolet drive past north on Highway 71 at approximately 45 m.p.h. Sparks were coming from the right front wheel which was missing a tire. It turned east on Reed Road. The threesome briefly lost sight of it. They followed and soon regained sight of it. The Chevrolet made a left turn and then a right turn to go east on Baxter Street. The Chevrolet was swerving from one side of the road to another. After making the turn onto Baxter Street it was driven into the ditch and came to a stop.

Dawn Newlan stopped. The threesome got out and saw the defendant attempting to extricate the Chevrolet by "rocking" the automobile. Dawn Newlan summoned aid while her two companions remained at the scene. The threesome and two police officers who arrived at the scene at 11:40 p.m. testified the defendant was obviously intox-

icated. There was no tire on the right front of the Chevrolet. The hub of the right front wheel was attached but the rim had disintegrated.

The defendant's sole point on appeal is that the evidence was insufficient to establish the defendant was "driving" or "operating" a vehicle. He states in his brief "the three witnesses acknowledged that they lost sight of the vehicle and eventually found the vehicle in a ditch at Baxter and Summit Streets." Also, he states: "The evidence adduced at trial established that appellant was behind the steering wheel of an immobile vehicle in a ditch."

The defendant's point and argument is based upon a misstatement of the record. He ignores testimony such as the following. Dawn Newlan said that she lost sight of the Chevrolet "just for a few brief seconds" and regained sight of it making a turn onto Summit. She added, "When we come [sic] back in contact with him he was on the oncoming lane. He was over in the other lane, and he was going out like this, and then coming back toward our lane.... He went to Baxter Street, which is a little further down the road, and took a right. And when he went around the corner, he went nose first into what's kind of like a little drainage ditch." The threesome saw the defendant attempting to extricate the Chevrolet by "rocking" the automobile. They retraced grooves in the road surface from the point where they first saw the Chevrolet to the point where it went into the ditch.

It requires no citation of authority or extended discussion to conclude there was evidence to establish the defendant drove or operated the Chevrolet within the definition of § 577.001. This appeal is frivolous. The judgment is affirmed.

PREWITT, P.J., and HOGAN and FLANIGAN, JJ., concur.